# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 28, 2025

```
* * * * * * * * * * * *
GERRET SWEARINGEN,           *
                             *
          Petitioner,        *      No. 22-677V
                             *
v                            *      Special Master Gowen
                             *
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
          Respondent         *
* * * * * * * * * * * *
```

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner
*Mary Eileen Holmes*, United States Department of Justice, Washington, DC, for Respondent

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 24, 2025, Gerret Swearingen ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 37). For the reasons discussed below, I **GRANT IN PART** Petitioner's motion for attorneys' fees and costs and award a total of **$35,741.44.**

### I.    Procedural History

On June 17, 2022, Gerret Swearingen ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that the tetanus, diphtheria, and acellular-pertussis ("Tdap") vaccine he received on June 12, 2020, caused him to suffer Guillain-Barré Syndrome ("GBS"). *Id.* On November 12, 2024, the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 40).

On April 24, 2024, Petitioner filed a motion for attorneys' fees and costs. Fees App. at 1. Petitioner requests compensation in the total amount of $35,861.24, representing $30,627.00 in attorneys' fees and $5,234.24 in costs. *Id*. Pursuant to General Order No. 9, Petitioner warrants he did not personally incur any costs in pursuit of this claim. *Id*. at 2. Respondent reacted to the fees motion on May 8, 2025, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 46). Petitioner filed a reply on May 9, 2025. Reply (ECF No. 47).

The matter is now ripe for adjudication.

## II.   Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.   Attorneys' Fees

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Avera, 515 F.3d at 1348 (quoting *Blum,* 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of Petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera,* 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. Id. This is known as the Davis County exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA,* 169 F.3d 755, 758 (D.C. Cir. 1999)). As Ms. Durant's firm is located in the forum, Washington D.C. there is no question but that forum rates apply.

For cases in which forum rates apply, *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) motion for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr.

2

Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016 and from 2017-2025, which can be accessed online.

Petitioner requests the following rates of compensation for his attorneys: for Ms. Leah V. Durant ("LVD"), $441.00 for work performed in 2022, $463.00 per hour for work performed in 2023, $486.00 per hour for work performed in 2024, and $550.00 per hour for work performed in 2024; for Mr. Glen MacLeod ("GM"), $525.00 per hour for work performed in 2022, and $553.00 per hour for work performed in 2023; for Mr. Mike Milmoe ("MM"), $584.00 per hour for work performed in 2024; and for Ms. Elizabeth Vitt, $475.00 per hour for work performed in 2024, and $508.00 per hour for work performed in 2025.

The hourly rates requested by attorneys Leah Durant, Glen MacLeod, Mike Milmoe, and their supporting paralegals through the end of 2024, are reasonable and consistent with our prior determinations and will therefore be adopted. However, the proposed hourly rate of $475.00 for 2024, and $508.00 for 2025, billed by Elizabeth Vitt, and the rate of $550.00 for 2025 time billed by Ms. Durant require further evaluation and adjustment.

Attorney Durant was previously awarded the *lesser* rate of $530.00 for work performed in 2025. *See Jackman* v. *Sec'y of Health & Human Servs.,* No. 23-1749, 2025 WL 2169814 (Fed. Cl. Spec. Mstr. June 24, 2025). Additionally, Attorney Vitt was previously awarded the *lesser* rates of $430.00 for work performed in 2024, and $460.00 for work performed in 2025. *See Toothman* v. *Sec'y of Health & Human Servs.,* No. 22-207, 2025 WL 2522838 (Fed. Cl. Spec. Mstr. July 29, 2025). I find no reason to deviate from such reasoned determinations and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases within the same year. See *Jefferson* v. *Sec'y of Health & Human Servs*., No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I hereby reduce Ms. Durant's rate for work performed in 2025, and Ms. Vitts' rates for work performed in 2024 and 2025, to be consistent with the respective aforementioned decisions. **Application of the foregoing reduces the amount of fees to be awarded by $119.80**.[3]

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent did not respond to the fees motion, and thus has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $30,627.00.

### b. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests attorneys' costs in the amount of $5,234.24. acquiring medical records and review of those records by Mr. Timothy Hancock, postage, and the Court's filing fee. Fees App. Ex. 2. Petitioner has provided adequate documentation supporting all of the requested costs and all expenses appear to be reasonable and necessary for the presentation of the case. Petitioner is therefore awarded the full amount of costs sought.

---

[3] The amount is calculated as follows: for Ms. Durant, ($550.00 - $530.00 = $20.00 x 3.50 hrs.) = **$70.00**; and for Ms. Vitt, (($475.00 - $430.00 = $45.00) x 1.0 hr. + ($508.00 - $460.00 = $48.00) x 0.1 hrs.) = **$49.80**.

**III.     Conclusion**

In accordance with the foregoing, I hereby **GRANT** Petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $30,627 00 |
| (Reduction of Fees) | ($119 80) |
| **Total Attorneys' Fees Awarded** | **$30,507.20** |
| | |
| Attorneys' Costs Requested | $5,234 24 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$5,234.24** |
| | |
| **Total Attorneys' Fees and Costs** | **$35,741.44** |

**Accordingly, I award a lump sum in the amount of $35,741.44, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith [4]

**IT IS SO ORDERED.**

/s/Thomas L. Gowen
Thomas L  Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party s filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).